The PRESIDENT.
A doubt was started at the bar whether two counts could properly be laid in debt for rent; at least without demanding the amount of the two rents claimed in both counts. But a precedent of a similar kind was produced, and as the record states that no evidence was given on the second count, the court are satisfied that that count may be thrown out of the case as mere surplusage.
An objection was made, that the verdict finds that the defendant owes the debt in the declaration mentioned; and there being two counts for the same sum, there is nothing to guide the court in referring the finding to the one or the other.
The bill of exceptions furnishes an easy answer to this objection, by stating that no evidence was given upon the second count, and that full evidence was given upon the first. Of course the verdict obviously refers to that, to which the testimony applied, and considering each count as a distinct declaration, the expression is by no means doubtful or improper, particularly as the second count appears to have been abandoned by the parties.
The court were certainly right in rejecting the motion which was made; as we are of opinion that they had no power to direct a nonsuit, however destitute the plaintiff might be of a right to recover. They may advise it, and may direct the plaintiff to be called; but if he refuse to suffer a non-suit, the court can no otherwise protect and enforce their opinion, but by awarding a new trial, in case the jury have found against their direction. Consequently a refusal in the court to direct a nonsuit, cannot be a ground of exception.
*If the court admit improper evidence, an exception may be taken to their opinion; but if the question depend upon the weight of testimony, the jury, and not the court, are exclusively, and un-controulably the judges.
This question then must turn upon the whole evidence, as well the parol as the written. The plea is nil debet; and it was insisted at the bar, that nil habuit in tenementis could not be given in evidence —This is a point which need not be now decided, since the lessee having uninterruptedly occupied and enjoyed the land; he cannot avail himself of a want of title in the plaintiff, if the fact were, that she had none; it would have been otherwise if eviction had been proved.
But the bill of exceptions, tho’ it does not set forth the parol evidence at large, states generally the weight of it, and that it proved a parol demise as laid in the declaration. This aided by the verdict, sufficiently establishes the title of Sarah, to the premises, and the demise of them, by her guardian, to the defendant.
There is no doubt but that a guardian may lease the lands of the ward during infancy, if the guardianship so long continue : and in this case, the demise being from year to year, if another guardian had been appointed, the term would have ceased. *425 The reservation of the rent to the infant was proper, and cannot be likened to the case of a reservation to a stranger: for the inheritance being in the ward, there is a privity between her and the lessee, and therefore there is no doubt of her right to maintain an action of debt, to recover the arrears of rent. It is true that the guardian may, by a lease in writing, reserve the rent to himself to cover advances which he may make for the use of the ward; and in that case the action must be brought in his own name, unless he assign the lease to the ward. The reason why the ward cannot in such a case maintain the action is, that, as he must declare upon the written lease, there would be a variance between the allegation, and the proof. But in either case, there is no doubt but that a payment"of the rent to the guardian, during the continuance of the wardship, would be a good discharge of the tenant for so much.
We find no error therefore until we come to the entering up of the judgment. The verdict is for .£490 the debt in the declaration mentioned and £130: 16: 3, damages and costs. The judgment is for the same, but to be discharged by the payment of ¿420.
*This latter part we do not consider as being any part of the judgment, but merely surplusage. Eor as there is no penalty in the case, the law does not warrant such an entry.
As the plaintiffs do not complain of this /reduction, we consider it as a release of so much by them, and as it is for the benefit of the defendant, he cannot object.
Judgment affirmed.